UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD RHONE,

      Plaintiff,

                                    Case No. 13-13400
v.                               HON. TERRENCE G. BERG

WAYNE COUNTY
PROSECUTOR'S OFFICE, et. al.,

      Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

The Plaintiff, Edward Rhone, presently confined at the Wayne County Jail in Detroit, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, requesting the Court to enjoin his pending prosecution and declare that his Constitutional rights have been violated. For the reasons stated below, the Court will DISMISS the complaint without prejudice.

### I.    BACKGROUND

As of the filing of this complaint, Plaintiff purports to be a pretrial detainee who has been charged in the Wayne County Circuit Court with first-degree murder, assault with intent to murder, felony-firearm, and felon in possession of a firearm.[1] Plaintiff claims that he has been the victim of prosecutorial misconduct in the criminal prosecution against him, that the police used suggestive identification

---

[1] **Error! Main Document Only.**The Wayne County Circuit Court website, https://cmspublic.3rdcc.org, which this Court is able to take judicial notice of, *see e.g., Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003) (citing 21 Wright & Graham, Federal Practice and Procedure: Evidence § 5106), confirms that Plaintiff has a pending criminal case in that court. *See People v. Rhone,* No. 12-010594-01-FC (Wayne County Circuit Court).

procedures to obtain a positive identification of him in court, and that the credibility of the prosecution's witnesses is suspect for a number of reasons. Plaintiff further contends that the police obtained evidence against him in violation of his Fourth Amendment right to be free from unreasonable searches and seizures.

Plaintiff also claims that his constitutional rights are being violated at the Wayne County Jail, to wit: (1) that he has been denied access to a law library; (2) that he has been forced to be take showers in the presence of female jail guards; (3) that the floor of the Wayne County Jail where he is incarcerated is being kept in an unsanitary condition; (4) that he is being housed with inmates who have various communicable diseases, as well as mental disorders; and (5) that the Wayne County Jail and/or Sheriff's Department has an inadequate grievance procedure policy and that when they do respond to the grievance, it is in a dismissive fashion.

Plaintiff seeks declaratory and injunctive relief.

## II.     STANDARD OF REVIEW

Plaintiff has been allowed to proceed without prepayment of fees (Dkt. 8).[2] *See* 28 U.S.C. § 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)). However, the granting of pauper status does not automatically allow a Plaintiff's case to go forward. Under 28 U.S.C. § 1915(e)(2)(B),

---

[2] On September 9, 2013, Plaintiff filed a motion to compel the "Wayne County Jail Officials" to produce Plaintiff's account information (Dkt. 4). It appears that Plaintiff believed that it was necessary to obtain this information in order to respond to an Order to Correct Deficiency entered by Magistrate Judge R. Steven Whalen on August 14, 2013 (Dkt. 3). Given that Plaintiff has recently been granted leave to proceed without the prepayment of fees, the Court finds that Plaintiff's motion is moot. Accordingly, that motion will be DENIED.

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B)     the action or appeal —
>
>        (i)     is frivolous or malicious;
>
>        (ii)     fails to state a claim on which relief may be granted; or
>
>        (iii)     seeks monetary relief against a defendant who is immune from such relief.

Accordingly, this Court is required to review the complaint in order to determine whether Plaintiff's claims may be allowed to proceed.

### III.     DISCUSSION

**A.     Claims Related to Pending Criminal Charges**

To the extent that Plaintiff requests relief from pending criminal charges, this Court will abstain from enjoining or otherwise interfering with Plaintiff's pending state court prosecution. The doctrine that leads the Court to this result is commonly known as *Younger* abstention, after *Younger v. Harris,* 401 U.S. 37, 45 (1971). In *Younger*, the United States Supreme Court held that federal courts should not enjoin pending state criminal proceedings except in "very unusual circumstances" where an injunction is necessary to prevent "both great and immediate" irreparable injury. The Court held that the cost, anxiety, and inconvenience of a defendant having to defend against a single criminal prosecution cannot be considered by themselves to constitute irreparable injury. *Id*. at 46. Further, because "[n]o citizen or member of the community is immune from prosecution, in good faith, for his alleged criminal acts[,] such a prosecution even

though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity." *Id.* (internal quotation and citation omitted).

Federal Courts should employ three factors to determine whether the *Younger* abstention doctrine should apply:

1. there must be pending or ongoing state judicial proceedings;
2. these proceedings must implicate important state interests; and,
3. there must be an adequate opportunity in the state proceedings to raise constitutional challenges.

*See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *GTE Mobilnet of Ohio v. Johnson*, 111 F.3d 469, 481 (6th Cir. 1997).

For purposes of the first requirement of the *Younger* doctrine, a state criminal prosecution will be considered to be pending in the state courts if at the time of the filing of the federal complaint, not all of the state appellate remedies have been exhausted. *See Tesmer v. Granholm,* 114 F. Supp. 2d 603, 612 (E.D. Mich. 2000) (quoting *Mounkes v. Conklin,* 922 F. Supp. 1501, 1511 (D. Kan. 1996)). As far as the Court can tell from the Wayne County Circuit Court docket, Plaintiff's case is still pending; the first factor is therefore satisfied.

Next, with respect to any ongoing criminal case, "there is no question that the ongoing prosecution implicates important state interests." *Davis v. Lansing*, 851 F.2d 72, 76 (2nd Cir. 1988); *see also Hansel v. Town Court for Town of Springfield, N.Y.,* 56 F.3d 391, 393 (2nd Cir. 1995) ("it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one"). Thus, the second factor is necessarily satisfied.

Finally, with respect to the third factor, federal courts must presume that the state courts are able to protect the interests of a federal plaintiff. *See Kelm v. Hyatt,* 44 F.3d 415, 420 (6th Cir. 1995). Here, because Plaintiff will have an adequate opportunity to challenge and correct any constitutional violations in the first instance before the state courts, the third factor is also satisfied.

Having considered the above test, the Court concludes that it would be appropriate to abstain from issuing injunctive relief with respect to the criminal charges or otherwise interfering in the case now pending against Plaintiff.

A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance. *See Coles v. Granville,* 448 F. 3d 853, 865 (6th Cir. 2006). In exercising this discretion, a district court should look to the nature of the state proceedings and consider whether a litigant will be able to address his federal claim on the merits in the state court proceeding. *Id.* The court should also consider whether there are any statute of limitations issues should the case be dismissed and the limitations period continue to run. *Id.* In this case, the Court will dismiss Plaintiff's action without prejudice, rather than hold the case in abeyance, because any false prosecution claim by Plaintiff would not accrue until either he was acquitted or his conviction was reversed on appeal.

**B.      Claims Related to Present Confinement in the Wayne County Jail**

      **1.      Denial of Access to Law Library**

The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of legal papers by

providing them with adequate law libraries or with assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, while adequate law libraries are considered to be "one constitutionally acceptable method to assure meaningful access to the courts," the Supreme Court also indicated that its decision did not foreclose alternative means to achieve that goal. *Id.* at 830. Building upon that statement, in *Lewis v. Casey,* 518 U.S. 343, 351 (1997), the Supreme Court indicated that its previous decision in *Bounds* did not create "an abstract, freestanding right to a law library or legal assistance." Thus, an inmate cannot establish an actual injury simply by demonstrating that a prison or jail law library or legal assistance program is "subpar in some theoretical sense." *Id.* at 351. Because "meaningful access to the courts is the touchstone," an inmate must therefore establish that any shortcomings in a law library or legal assistance program hindered his or her efforts to pursue a legal claim. *Id.*

The Supreme Court's holding in *Bounds* therefore does not create an independent right of access to a law library or legal assistance program. *See Penrod v. Zavaras,* 94 F.3d 1399, 1403 (10th Cir. 1996). Thus, there is no prescribed amount of library time that must be provided to prisoners. *See Walker v. Mintzes,* 771 F.2d 920, 931 (6th Cir. 1985). Instead, the focus should be on an inmate's right of access to the courts and not necessarily on their right of access to a law library in jail or prison. *Id.* This Court must therefore determine whether Plaintiff has been denied meaningful access to the courts because of his inability to make adequate use of the jail's law library.

6

In the present case, Plaintiff is a pre-trial detainee facing pending criminal charges. Although Plaintiff is proceeding *pro se* in this action, he does not state whether he is represented by counsel or whether he is representing himself in his criminal matter.[3] Under either scenario, however, Plaintiff is not entitled to relief.

To the extent that Plaintiff is represented by counsel in his criminal case, his right of access to the courts would not be impaired because of the alleged inadequacy of Plaintiff's access to the jail's law library. The Sixth Circuit has held that "[a] prisoner's constitutionally-guaranteed right of access to the courts has been protected when a state provides that prisoner with either the legal tools necessary to defend himself, e.g., a state-provided law library, or the assistance of legally-trained personnel." *Holt v. Pitts,* 702 F. 2d 639, 640 (6th Cir. 1983). As long as the state provides legal counsel to assist Plaintiff with his case, the state has "fulfilled its obligation to provide him with access to the courts." *Id.* Therefore, as long as a prisoner has the assistance of counsel during a criminal trial, the denial of law library privileges to that prisoner does not violate due process or impair his access to the courts. *See United States v. Manthey,* 92 F. App'x 291, 297 (6th Cir. 2004); *see also Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 104 (6th Cir. 1991); *Holt,* 702 F.2d at 640.

Similarly, in the event that Plaintiff has now chosen to represent himself in his pending criminal case, he would not be entitled to relief for an entirely different reason. The Sixth Circuit has "held on several occasions that 'the state does not

---

[3] The Court does note, however, that the Wayne County Circuit Court docket sheet indicates that Plaintiff is represented by an attorney in that case.

7

have to provide access to a law library to defendants in criminal trials who wish to represent themselves.'" *United States v. Kincaide*, 145 F.3d 771, 778 (6th Cir. 1998) (quoting *United States v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990) and citing *United States v. Sammons*, 918 F.2d 592, 602 (6th Cir. 1990)); *see also Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005) (petitioner who elected to proceed *pro se* on state court charges did not have a clearly established right under federal law to access to a law library while he was in jail before trial, as required for federal habeas relief). Thus, a prisoner who knowingly and voluntarily waives his right to be represented by counsel in a criminal case may not file a 42 U.S.C. § 1983 action in which he claims he was denied the constitutional right of access to a law library in preparing a *pro se* defense in a criminal trial. *See White v. Longino*, 428 F. App'x 491 (5th Cir. 2011). Plaintiff is not entitled to relief on this claim.

    **2.**    **Conditions at Wayne County Jail**

This portion of Plaintiff's complaint relating to the conditions in the Wayne County Jail is subject to dismissal because Plaintiff has failed to allege any facts which show each individual defendant's personal involvement or responsibility in the alleged constitutional violations.

In the context of a civil rights claim, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983; "some factual basis for such claims must be set forth in the pleadings." *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996) (quoting *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)); *see also Johnson v. Freeburn*, 29 F. Supp. 2d 764, 767 (E.D. Mich. 1998). Likewise, a

8

complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights. *See Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983). Although Plaintiff has listed a number of defendants in the caption of his complaint, he did not identify them or explain their roles in the alleged violations in the body of his complaint with regards to the conditions at the Wayne County Jail. The allegations concerning the conditions at the Wayne County Jail are thus subject to summary dismissal pursuant to § 1915(e)(2)(B). *See Asberry v. Bisig,* 70 F. App'x 247, 248-49 (6th Cir. 2003). Stated differently, this portion of the complaint is subject to dismissal because Plaintiff has failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights at the Wayne County Jail. *See Frazier v. Michigan,* 41 F. App'x 762, 764 (6th Cir. 2002); *see also Branham v. Jabe*, 853 F.2d 926 (Table), 1988 WL 81713, * 1 (6th Cir. Aug. 5, 1988) (district court properly granted summary judgment where prisoner in civil rights case failed to allege personal involvement on the part of the defendants).

    **3.**    **Inadequate Grievance Procedures**

Plaintiff is not entitled to relief on his claim that the Wayne County Jail or the Wayne County Sheriff's Department wrongly denied his administrative grievances. The Sixth Circuit has repeatedly held that the wrongful denial of a prison grievance by a prison official (in the absence of any allegation that the official was involved in the underlying activity that was challenged in the grievance) does not violate any federal constitutional right. *See, e.g., Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008) (the denial of administrative grievances or the failure to act

by prison officials does not subject supervisors to liability under 42 U.S.C. § 1983); *see also Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (prison officials who were not involved in inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that their failure to act constituted an acquiescence in the unconstitutional conduct); *Walker v. Michigan Dept. of Corrections,* 128 F. App'x 441, 445 (6th Cir. 2005) (finding no due process right to unfettered access to prison grievance procedures and, consequently, that state prisoner was not entitled to relief on § 1983 claim that he was arbitrarily denied access to prison's grievance procedures due to modified access procedure); *Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) (absent allegation that chairman of the Michigan Parole Board, director of the Michigan Department of Corrections, or director of the Michigan Bureau of Forensic Mental Health Services were personally involved in or responsible for the alleged violation of state prisoner's constitutional rights, prisoner could not maintain action under § 1983 simply because official denied an administrative grievance or failed to act based upon information contained in a grievance); *Keenan v. Marker,* 23 F. App'x 405, 407 (6th Cir. 2001) (the wrongful denial of a prison grievance does not violate any federal right, "as there is no inherent constitutional right to an effective prison grievance procedure"); *Bittner v. Wilkinson,* 19 F. App'x 310, 313 (6th Cir. 2001) (state inmate did not plead viable § 1983 claim when he alleged that prison officials denied or disregarded his

10

grievances over incidents in which inmate was purportedly assaulted or subjected to retaliation by prison officers).

## IV.     CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Plaintiff's motion to compel (Dkt. 4) is **DENIED**.

It is **FURTHER ORDERED** that the Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.


Dated:  October 25, 2013                    s/Terrence G. Berg
                                            TERRENCE G. BERG
                                            UNITED STATES DISTRICT JUDGE


### Certificate of Service

I hereby certify that this Order was electronically submitted on October 25, 2013, using the CM/ECF system; a copy of this Order was also mailed to the Wayne County Jail, 570 Clinton Street, Detroit MI 48226, directed to Plaintiff's attention.

                                            s/A. Chubb
                                            Case Manager

11